FILED

MAR - 3 2006

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re ) | Case No. 05-30717-C-7 |
| ) | |
| SHERMAN BOUTTE' ) | MC No. PGM-1 |
| ) | |
| Debtor. ) | |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
ON MOTION TO AVOID LIEN**

These findings of fact and conclusions of law are rendered in this contested matter pursuant to Federal Rule of Civil Procedure 52 as incorporated by Federal Rules of Bankruptcy Procedure 7052 and 9014. Evidence was taken pursuant to Federal Rule of Civil Procedure 43(e), as incorporated by Federal Rule of Bankruptcy Procedure 9017 and as invoked by Local Bankruptcy Rule 9014(e).

Jurisdiction

Jurisdiction is founded upon 28 U.S.C. § 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2)(K).

Findings of Fact

On January 27, 2006, the debtor filed a motion requesting that this court avoid a judgment lien in favor of

Fireside Bank ("the creditor") because the lien impairs the debtor's personal property exemptions. Debtor listed no ownership interest in any real property on his bankruptcy schedules. A hearing was scheduled for February 28, 2006, to consider the motion. Upon review of the record, the court decided to submit the matter on the record presented and removed the matter from calendar.

<u>Conclusions of Law</u>

A debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that the lien impairs an exemption that is properly claimed and to which there is no objection. 11 U.S.C. § 522(f)(1).

Under California law, to place a lien on a judgment debtor's personal property, the judgment creditor must file a Notice of Judgment Lien with the California Secretary of State's Office. Cal. Civ. Proc. Code §§ 697.510-697.670.

Here, the judgment creditor recorded an abstract of judgment with the Contra Costa County Recorder's office. Such action is necessary to place a lien on a judgment debtor's interest in real property. Here, debtor's schedules do not show that he has an ownership interest in any real property. Further, the debtor's motion does not indicate that the judgment creditor filed a Notice of Judgment Lien with the Secretary of State's office. Because such Notice is necessary to create a lien on the debtor's personal property, the judgment creditor lacks a lien on debtor's personal property

and thus the debtor's personal property exemptions cannot be impaired.

    Because the debtor's personal property exemptions are not impaired, the debtor's motion will be denied as unnecessary. An appropriate order will issue.

Dated: March 3, 2006

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

          On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Sherman Boutte'
3985 Sierra Vista Drive
Vacaville, CA 95688-9524

Peter G. Macaluso
910 Florin Rd. #111
Sacramento, CA 95831-5259

Hank Spacone
P.O. Box 255808
Sacramento, CA 95865

Office of the U.S. Trustee
501 I St., Ste. 7-500
Sacramento, CA 95814

Dated: 3/6/06

                                                          _Alison Manning_
                                                          Deputy Clerk